### MASLAND, JR., vs. KEMP et al.

1. Upon the hearing of an application for injunction in vacation, the only use which could be made of a plea of *res adjudicata* was for the evidence it afforded to justify the refusal of the injunction prayed for. The chancellor could pass no order finally disposing of the plea.

2. The bill made no case for an injunction. It did not appear that either of the defendants was insolvent or likely to become so; the landed property sought to be subjected had not changed hands since the commencement of this litigation; and if ever subject to the claim, it still remained so; the pendency of the bill was notice to any one who might purchase; the defendants denied notice of complainant's equity when they purchased and paid for the property; the answer swore off the equity of the bill, and no rebutting testimony was offered at the hearing.
Judgment affirmed.

February 2, 1884.

HALL, Justice.

[Masland filed his bill against Kemp et al., alleging that certain trust funds had been improperly invested by the trustee in his own name; that he had made a conveyance of the lots so bought to secure a pretended debt of his own, and died insolvent; that subsequently the lots were reconveyed to a trustee for his widow and daughters; that, by a collusive arrangement between the family and the attorney holding certain fi. fas., the lots were levied on as the property of the deceased husband and father, and sold at sheriff's sale, and bid in by the attorney; that the attorney was to pay off the judgments and divide the balance of the property with the family; that the sheriff was notified to hold up the money to be paid to the claim of the trust estate, but he nevertheless receipted to the attorney for the money, and made him a deed, though in fact no money was paid; that part of the land had since been sold, and the attorney had made a deed to the balance to a trustee for the widow and children. The bill prayed for an injunction to prevent the payment or distribution of the fund arising from the sheriff's sale, and to subject it to the claim of the trust estate, and also to have the various conveyances above stated set aside, and to recover the property, and have an accounting for rents.

Defendant pleaded res adjudicata. (See this case decided earlier in the present term of the Supreme Court.)

The answer denied all collusion or knowledge of the claim of the trust estate, but alleged that the sheriff's sale was regular and fair, and the attorney of plaintiff in *fi. fa.*, who bought the property, receipted to the sheriff for the amount, and paid the costs; that he then offered to let his clients have the land, which they declined, and he made an arrangement with them for credit till the succeeding fall; that none of the money was in the hands either of the sheriff or of the attorney.

The case was heard in vacation. The judge refused the injunction, and also declined to overrule the plea of former recovery. Complainant excepted.]